J-S02038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AHLEEM GREDIC | |
| Appellant | No. 313 EDA 2015 |

Appeal from the Judgment of Sentence Entered January 16, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0001198-2014

BEFORE:  SHOGAN, LAZARUS, and STABILE, JJ.

MEMORANDUM BY STABILE, J.                    **FILED MAY 24, 2016**

Ahleem Gredic, Appellant, appeals from the judgment of sentence entered January 16, 2015 in the Court of Common Pleas of Philadelphia County sentencing him to three and one-half to ten years' incarceration. Upon review, we affirm.

Following a waiver trial, Appellant was found guilty of possessing a firearm with an altered manufacturer's number, carrying a firearm without a license, carrying a firearm on a public street in Philadelphia, and possessing an instrument of crime.[1]  On January 16, 2015, the trial court imposed an aggregate sentence of three and one-half to ten years' incarceration. Appellant filed a notice of appeal and a Pa.R.A.P. 1925(b) statement as

---

[1] 18 Pa.C.S.A. §§ 6110.2, 6106, 6108, and 907, respectively.

ordered by the trial court. The trial court's Pa.R.A.P. 1925(a) opinion followed.

The factual background of this case, as found by the trial court, is as follows:

On December 28, 2013, at about 11:50 p.m., Mr. Marquan Hill was a guest at a party in the area of 62nd and Wheeler Streets when he accidently bumped Appellant and later apologized[.] (N.T. 10/27/14, 9-11). Despite the apology Appellant began arguing with Mr. Hill's girlfriend, and threatened to assault her[.] (N.T. 10/27/14, 9-11, 12). Mr. Hill intervened and after he did so, Appellant warned it wasn't over at which time Appellant reached for a black gun located in the waistband of his pants. (N.T. 10/27/14, 14 -15). Upon seeing the handle of a gun, Appellant [sic] turned to walk away and heard a girl yell, "He has a gun. He has a gun."[2] (N.T. 10/27/14, 15, 22-24). This unknown girl stopped Appellant from fully removing the gun from his waistband. (N.T. 10/27/14,14-15, 28-30).

Following the encounter, Mr. Hill left the party. As he was walking on the street, a car pulled up next to him, (N.T. 10/27/14, 24) and someone with a gun jumped out of the car and began chasing Mr. Hill. (N.T. 10/27/14, 25-26). Mr. Hill began running and as he did so he passed a police station where he was stopped by a police officer who asked him why he was running. (N.T. 10/27/14, 26). Mr. Hill told the officer about the incident and provided a description of the Appellant. (N.T. 10/27/14, 26-27). Although Mr. Hill expressed that he did not want to do so, the police placed Mr. Hill and his girlfriend in a police car and drove them around the neighborhood. (N.T. 10/27/-14, 27-28). While in the police car, Mr. Hill observed police placing Appellant under arrest. (N.T. 10/27/14, 28).

_____

[2] We believe this is a typo, not an incorrect recitation of the facts. At the referenced point in the transcript, Mr. Hill saw the handle of a gun on Appellant's hip, and then Mr. Hill, not Appellant, turned to walk away.

Police thereafter interviewed Mr. Hill. During the interview, he identified a gun depicted in a photograph as the firearm he saw in Appellant's possession at the party based on the weapon's grip. (N.T. 10/27/14, 31-33).

Philadelphia Police Officer Marc Marchetti was standing outside the 12th District Police Station when Mr. Hill ran up to him and said that there was guy chasing him with a gun. (N.T, 10/29/14, 5-6). Mr. Hill described Appellant and Officer Marchetti and his partner placed Mr. Hill and his girlfriend into a police car and drove to the location of the party. (N.T. 10/29/14, 5-6). Upon arrival Officer Marchetti identified Appellant from the description given by Mr. Hill. (N.T. 10/27/14, 6). Upon approach, Appellant fled northbound on 65th Street after Officer Marchetti asked him not to run. Officer Marchetti's partner pursued Appellant on foot as Officer Marchetti drove after Appellant. (N.T. 10/29/14, 6-7). Appellant was apprehended soon thereafter at which time Mr. Hill identified Appellant. *Id.*

When the frisk of Appellant did not yield a firearm, Officer Marchetti traced the route taken by Appellant during his flight. (N.T. 10/29/14, 11). An unidentified neighbor told the officer that a handgun was sitting atop a tire of a vehicle parked on the street at which time it was recovered. (N.T, 10/29/14, 11).

Philadelphia Police Detective Robert Daly, who was assigned to investigate the incident, went to the location where the gun was found by Officer Marchetti, (N,T. 10/29/14, 28). He recovered the gun after photographing it. Upon examination, he observed that the weapon's serial number had been obliterated and that it was loaded with one live round. (N.T. 10/29/14, 28, 30-31). A subsequent examination of the weapon indicated that the weapon was operable. (N.T. 10/29/14, 33).

In his defense, Appellant introduced evidence by way of stipulation indicating that Officer Marchetti's partner did not witness Appellant discard anything during the pursuit and that DNA and fingerprint analyses did not definitively connect the gun to Appellant. (N.T. 10/29/14, 34-35).

T.C.O., 5/24/15, 2-3.

On appeal, Appellant presents one issue for our review.

Where the evidence was insufficient to prove that the defendant transported a gun he allegedly possessed inside a private dwelling to the location on a public street where a gun was later found (in other words, that the found gun was the same gun that the defendant allegedly earlier possessed), was not the evidence insufficient to prove that the defendant carried a firearm on a public street or property in Philadelphia in violation of 18 Pa.C.S. § 6108, and was not the evidence also insufficient to prove that the defendant possessed a firearm with an altered manufacturer's number in violation of 18 Pa.C.S. § 6110.2?

Appellant's Brief at 3. Stated otherwise, Appellant challenges the sufficiency of the evidence to convict him of carrying a firearm on a public street in Philadelphia and possessing a firearm with an altered manufacturer's number because the evidence does not support a finding that the gun found on the street was placed there by Appellant.

Our standard of review on sufficiency of evidence claims is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Fabian*, 60 A.3d 146, 150 -151 (Pa. Super. 2013) (citation omitted), appeal denied, 69 A.3d 600 (Pa. 2013). Moreover, "[t]his standard of deference is not altered in cases involving a bench trial, because the province of a trial judge sitting without a jury is to do what a jury is required to do." *Commonwealth v. Lee*, 956 A.2d 1024, 1027 (Pa. Super, 2008) (internal quotation marks and citation omitted), appeal denied, 964 A.2d 894 (Pa. 2009).

In disposing of Appellant's sufficiency claims, the trial court provided the following analysis:

Instantly, the credible evidence presented at the trial shows that Appellant displayed the handle of the gun to [Mr. Hill] who thereafter left the party. Later, Mr. Hill lodged a complaint with the police who then drove him around the neighborhood in search of, *inter alia*, Appellant. When Appellant was spotted by the police, he fled after being asked by the police not to do so. Subsequent thereto, police recovered a firearm along the route Appellant fled which [Mr. Hill] identified as the weapon he had earlier seen in Appellant's possession at the party.

This evidence was more than sufficient to prove beyond a reasonable doubt that the gun seized by police was the same one observed earlier by [Mr. Hill] and that Appellant possessed it on a public street. [Mr. Hill's] identification of the gun coupled with Appellant's flight was sufficient to establish that he placed the gun on top of the tire where police found it. *See Commonwealth v, Lopez*, 57 A.3d 74,-80 (Pa. Super. 2012) ("The Commonwealth may sustain its burden by means of wholly circumstantial evidence and the fact that the evidence

- 5 -

establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence, coupled with the reasonable inferences drawn therefrom, overcomes the presumption of innocence.") (citations omitted); *Commonwealth v. Hopkins*, 747 A.2d 910 (Pa. Super. 2000) (circumstantial evidence was sufficient to support the reasonable inference that appellant traveled at least some distance on a public street with gun). *See also Commonwealth v. Pestinikas*, 617 A.2d 1339, 1347 -1348 (Pa. Super. 1992) (holding that it is well -settled that any attempt by a defendant to flee or "otherwise engage in conduct designed to avoid apprehension or prosecution" may "form a basis from which guilt may be inferred.").

T.C.O., 6/24/15, at 10. We agree with the trial court that the evidence at trial, viewed in a light most favorable to the Commonwealth as the verdict winner, supports Appellant's convictions for carrying a firearm on a public street in Philadelphia and possessing a firearm with an altered manufacturer's number. The evidence considered by the trial court supports the findings that the gun Appellant displayed to Hill at the party was in fact the same gun recovered on the street along the same route taken by Appellant immediately after Appellant fled from the police. Appellant's sufficiency claims fail.

While raising sufficiency claims, we note that many of Appellant's arguments take issue with credibility determinations and weight assigned evidence by the trial court. Appellant claims that "the evidence overwhelmingly rebutted the conclusion that the gun the defendant allegedly earlier possessed was the same gun subsequently found in the wheel well of a vehicle on the street." Appellant's Brief at 9. Appellant argues that Mr.

Hill never saw the entire gun and, while he based his identification of the weapon on its grip alone, Mr. Hill never mentioned the "distinctive" silver strip on the grip. Appellant's Brief at 9, 14. Appellant further argues that, although two officers pursued Appellant, neither of them saw Appellant discard anything and it "seems likely" that the officer pursuing Appellant on foot never lost sight of Appellant. Appellant's Brief at 14. Additionally, Appellant alleges that the fact that no fingerprint or DNA evidence discovered on the found weapon supports the theory that the weapon belonged to the other male with a weapon reported to be in the same location as Appellant that evening. Appellant's Brief at 15-16. The weight assigned evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence, and to determine the credibility of the witnesses. *Commonwealth v. Small*, 741 A.2d 666 (Pa. 1999). As an appellate court, we cannot substitute our judgment for that of the fact-finder. *Id.* In fact, we may only reverse a verdict if it is so contrary to the evidence as to shock one's sense of justice. *Id.* Since we do not find that to be the case here, we affirm the Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/24/2016